# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CIVIL ACTION NO. 10-214-DLB-CJS**

**MARK J. KLEIMAN**                                                                                       **PLAINTIFF**

**v.**                     **REPORT AND RECOMMENDATION**

**JOHN HURLEY, ET AL.**                                                                    **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is Defendants' Motion to Dismiss (R. 3), filed on October 1, 2010. Recognizing Plaintiff Kleiman's *pro se* status, the Court's previous Order allowed Plaintiff until approximately November 12, 2010, to file a response to Defendants' motion. (R. 8). That response time has now expired, with no response being filed. Defendants' motion is now ripe for review, and the matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (R. 6). It is herein recommended that Defendants' motion be **denied,** but that Plaintiff's Complaint be **dismissed without prejudice** for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff originally filed this action in Boone Circuit Court on September 1, 2010. (R. 2-3). From Plaintiff's Complaint, it appears Plaintiff was a member of the Teamsters Local Union No. 100 (the Union) and was discharged by United Parcel Service (UPS), his employer. (*Id.*) It also appears Plaintiff utilized the Union's grievance procedures, and his termination was upheld at the conclusion

of these procedures. (*Id.*). The Complaint alleges various charges of misconduct against the individual Union representatives concerning their representation of Plaintiff during the grievance process. (*Id.*). The Complaint requests reinstatement with UPS, recovery of lost wages, and punitive damages in the amount of $300,000. (*Id.*). Defendants removed the action to this Court on October 1, 2010, alleging federal jurisdiction over Plaintiff's claims pursuant to § 301 of the Labor Management Relations Act. (R. 2).

Upon removal, Defendants filed the instant Motion to Dismiss, alleging that Plaintiff's Complaint should be dismissed because its conclusory allegations fail to establish factually that a plausible claim exists, as required by *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). (R. 3, at 2-3). Alternatively, Defendants argue that Plaintiff has sued the wrong party. Defendants argue that Plaintiff's claim is essentially one for breach of the Union's duty of fair representation under § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a). Defendants assert that union officers and agents cannot be individually liable for a breach of the duty of fair representation, *see Oliver v. Gallagher*, No. 1:05 CV 1558, 2006 WL 517640, at *4 (N.D. Ohio Mar. 2, 2006); that the Union is therefore the proper party, not the individual officers or agents; and thus, that Plaintiff's claims against them should be dismissed.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

As this matter has only recently been removed, subject matter jurisdiction must be confirmed. Plaintiff fails to specifically allege the law upon which his claim is based; Defendants construe Plaintiff's Complaint as alleging a federal claim against Defendants for breach of the duty of fair representation. The Union's Collective Bargaining Agreement sets forth the relevant grievance

2

procedures, and it does appear from Plaintiff's filing that he complains Defendants failed to comply with these requirements and procedures. "An action for breach of duty of fair representation that directly implicates the grievance provisions of a collective bargaining agreement 'clearly falls within the ambit of section 301 preemption.'" *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173*, 983 F.2d 725, 728 (6th Cir. 1993) (quoting *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 802 (6th Cir. 1990)). As it is well-settled that § 301 of the Labor Relation Management Act has complete preemptive force, *Banks v. Alexander*, 294 F App'x 221, 224 (6th Cir. 2008), federal court subject matter jurisdiction over this action is proper.

## B. Plaintiff's Failure to Respond

As noted above, the time for Plaintiff to file a response to Defendants' motion has expired. Plaintiff has not requested an extension of time to respond to Defendants' motion, or otherwise come forward to protest the Court's acceptance of the Defendants' arguments on why the claims brought by him should be dismissed. In the Court's Order of October 27, 2010, Plaintiff was expressly instructed of the deadline to respond and informed that his failure to do so may result in the conclusion that he accepts the law and arguments within Defendants' motion. The record before the Court compels the conclusion that Plaintiff's failure to respond was a conscious choice and that he has knowingly abandoned any opposition to Defendants' Motion to Dismiss. *Humphrey v. United States*, 279 F App'x 328, 331 (6th Cir. 2008) (citing *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion.")).

Furthermore, in situations where a party fails to comply with a court's order or otherwise affirmatively move the case forward, the court possesses the authority to dismiss the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties, after certain plaintiffs therein failed to respond to court order requiring filing status information); *Dulaney v. Webb*, No. 09-cv-141-ART, 2010 WL 3701781, at *1 (E.D. Ky. Sept. 17, 2010) (dismissing a case pursuant to Civil Rule 41(b) after the *pro se* plaintiff failed to respond to a motion for summary judgment, despite the court's order directing a written response be filed, else opposition to the motion would be waived and the contents of its unopposed arguments admitted). The factors to consider prior to issuing a Civil Rule 41(b) dismissal are whether: (1) the failure to cooperate was willful or in bad faith; (2) the opposing party was prejudiced; (3) the party was warned of the sanction; and (4) less severe sanctions were considered. *Palasty*, 15 F. App'x at 199.

Plaintiff's lack of a response or other communication to the Court expressing an interest in furthering this proceeding appears willful, given that Plaintiff was provided time to respond to Defendants' Motion to Dismiss beyond that provided under the Court's Local Rules, and that Plaintiff was warned in the Order there would be consequences should he not respond. Defendants have had to obtain counsel and defend against Plaintiff's Complaint; they would be prejudiced if required to proceed further and defend in circumstances where Plaintiff has now willfully declined to fight off a merits dismissal argument. Additionally, while Plaintiff was not warned specifically that his failure to respond would lead to a Rule 41(b) dismissal, the Court informed him that failure to respond could lead the Court to accept Defendants' arguments and law in support of dismissal as

4

true. Accepting these arguments would thus logically defeat Plaintiff's claims as brought by him in this lawsuit. Moreover, dismissal without prejudice under Rule 41(b) would be less of a sanction than granting Defendant's Motion to Dismiss, which would result in a merits dismissal with prejudice. Plaintiff's complete failure to demonstrate he opposes dismissal and intends to move forward with this action suggests that dismissal without prejudice for failure to prosecute is the warranted and appropriate course of action under the circumstances.

## III. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that:

(1) Defendants' Motion to Dismiss (R. 3) be **denied**;

(2) Plaintiff's claims against Defendants for breach of the duty of fair representation be **dismissed without prejudice,** pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute; and,

(3) this matter be **stricken** from the active docket of the Court.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient

to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

Dated this 20th day of December, 2010.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\opinions-other\10-214 R&R grantg MTD.wpd